PER CURIAM.
These consolidated cases are before the Court on complaint of The Florida Bar and report of the referee. No petition for review has been filed. We have jurisdiction. Art. V, § 15, Fla. Const.
The complaint in Case No. 61,943 alleged that respondent received a $700 fee to represent a client in a criminal proceeding. Respondent failed to meet with the client and, after he was dismissed, failed to return any unearned portion of the fee. The complaint further alleged that respondent received a $500 fee to represent another client in a criminal proceeding but that he failed to appear at a scheduled court hearing. Respondent was dismissed and has not responded to requests concerning the money .retained by him as his fee.
The complaint in Case No. 62,444 alleged that respondent was retained to represent a *808 client in criminal proceedings and received $35,000 in fees. Without the client’s knowledge, respondent associated another lawyer on the case to argue a motion to dismiss, which was granted. The state appealed and respondent represented to the client that he was handling the appeal. However, respondent failed to file a brief on his client’s behalf and the district court reversed the order that had granted the motion to dismiss. Respondent was discharged by the client and has failed to refund any of the fee. Finally, the complaint alleged that respondent received a $12,500 fee to represent a client in criminal proceedings but was not responsive to the client’s inquiries relating to the preparation of the defense. Respondent was dismissed and has refused an accounting and a refund of any unearned portion of the fee.
Respondent received actual notice of the disciplinary proceedings against him but filed no responsive pleadings and failed to appear at the final hearings.
The referee found respondent guilty of all the violations charged in the Bar’s complaints, and, specifically, that he be found guilty of violations of Disciplinary Rules 2-106(A), 2-106(B), 2-110(A)(3), 6-101(A)(3), 7-101(A)(2), 7-101(A)(3) and 9-102(B)(4) of the Code of Professional Responsibility.
The referee then recommended that respondent be disbarred:
Although Respondent has not been the subject of prior disciplinary action, based upon the facts as set forth in the pleadings, the record of proceedings before the grievance committee, and the evidence presented at Final Hearings, I recommend that Respondent be disbarred for a period not less than ten (10) years, with the requirement that as a condition to any reapplication for membership in The Florida Bar, Respondent make restitution to those clients whose complaints form the basis of these proceedings and from whom he received payment for fees, totaling not an inconsiderable amount.
In recommending discipline, I have considered the cumulative nature of Respondent’s misconduct in that Respondent has exhibited a pattern of accepting a fee, performing little or no work on behalf of the client and thereafter willfully ignoring his client’s requests for either an accounting or a refund of the unearned portion of the fee. Further, as aggravating factors, I find that Respondent failed to cooperate with The Florida Bar, failed to appear at Final Hearings, and that he is currently under suspension for nonpayment of Bar dues.
Respondent’s conduct in these proceedings indicates that he has as little regard for these proceedings as he does for his clients’ interests. I find that Respondent’s conduct demonstrates a willful disregard for the disciplinary system as well as the standards of professional conduct under which attorneys must operate.
We agree with the findings and recommendations of the referee and adopt them as our own. Respondent is hereby disbarred from the practice of law in Florida, and he cannot reapply for admission to the Bar within ten years from the date of this opinion. Further, as a condition to any such reapplication, respondent must make restitution to those clients whose complaints formed the basis of these proceedings. Costs in the amount of $2,134.20 are also assessed against respondent.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVER-TON, McDonald and EHRLICH, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion, in which SHAW, J., concurs.